STATE v. ANGELO.

[68 South. 918.]

MASTER AND SERVANT. *Tips to servant. Indictment. Sufficiency.*

Under Laws 1912, chapter 136, section 4, providing that any hotel, restaurant, cafe, dining car, railroad or sleeping car company, and the manager, officer or agent in charge, violating the anti-tipping act or wilfully allowing it to be violated, shall be subject to a penalty for each tip allowed to be given, and further providing that if the hotel, restaurant, etc., fail, neglect or refuse to post the act as required, such hotel, etc., shall be subject to fine. Where an indictment charged that accused, being then and there proprietor of a cafe and as owner and proprietor being then and there in charge, wilfully and unlawfully did fail to post the act, such an indictment charges no

offense, since there is nothing in the entire act imposing any duty to post the act upon a manager, agent, or officer in charge. The act only penalizes the manager, officer or agent in charge for allowing tips.

Appeal from the circuit court of Leflore county.

Hon. F. E. Everett, Judge.

A. Angelo was charged with failing to post anti-tipping act. From a judgment sustaining a demurrer to the indictment, the state appeals.

The facts are fully stated in the opinion of the court.

*Geo. H. Ethridge,* Assistant Attorney-General for the state.

*Whittington & Osborn,* for appellee.

Cook, J., delivered the opinion of the court.

This is an appeal by the state from a judgment of the trial court sustaining a demurrer of the defendant to the indictment preferred against him.

Omitting the formal part, the indictment charges:

''That A. Angelo, in said county, on the 19th day of January, 1915, being then and there the owner and proprietor of the Metropolitan Cafe, and as such owner and proprietor as aforesaid, being then and there in charge of said cafe, unlawfully, knowingly and willfully did then and there fail and neglect to post in conspicuous places in said cafe at least two copies of an act entitled An act to prohibit hotels, restaurants, cafes, dining cars, railroad companies and sleeping car companies from allowing 'tips' to be given to employees; to prohibit all persons from giving same to employees of hotels, restaurants, cafes, dining cars, railroad companies and sleeping car companies from receiving same; the same being chapter 136 of the laws of Mississippi for 1912.''

Does the indictment charge any offense known to the criminal laws of the state?

109 Miss.—40

It will be noted that the indictment charges a violation of chapter 136, Laws of 1912, entitled:

"An act to prohibit hotels, restaurants, cafes, dining cars, railroad companies and sleeping car companies from allowing 'tips' to be given to employees; to prohibit all persons from giving same to employees; to prohibit the employees of hotels, restaurants, cafes, dining cars, railroad companies and sleeping car companies from receiving same."

This title, taken in connection with the several sections of the act, is, of some significance in arriving at a proper interpretation of the intention of the legislature.

If we look to the title alone, it is quite clear that the giving and taking of tips, and the allowing of tips, are the things prohibited. There is no ambiguity in the title—its meaning is not susceptible to misconstruction.

The first section of the act makes it unlawful to do any one of the things which the title prohibits, to wit, for any hotel, restaurant, cafe, etc., to knowingly allow any employee to receive a tip; for any patron of any of the named places to give to any of the employees any gratuity; and, lastly, for any such employee to receive any gratuity or tip.

The second section of the act defines the "tip." The third section requires hotels, cafes, and other businesses mentioned in the act, to conspicuously post at least two copies of the act in the places named in the law.

The fourth section of the act is here quoted in full:

"Any hotel, restaurant, cafe, dining car, railroad company or sleeping car company, and the manager, officer, or agent of same in charge violating this act, or willfully or negligently allowing the same to be violated in any way, shall each be subject to a penalty not to exceed one hundred dollars for each tip allowed to be given. If any person shall give any such employee any gratuity or tip, such person shall be subject to a fine

of not more than fifty dollars for each offense. If any of the above employees shall receive any gratuity or tip, he shall be subject to a fine of not more than fifty dollars. If the hotel, restaurant, cafe dining car, railroad or sleeping car company fail, neglect, or refuse to post this act as required herein, such hotel, restaurant, cafe, dining car, railroad or sleeping car company shall be subject to a fine not to exceed one hundred dollars for every day it shall so fail.''

This section is the penalizing of the statute. It is contended by the state that the first clause of this section clearly discloses the intention of the legislature to penalize the manager or owner of a cafe for violating or willfully or negligently allowing this act to be violated, in any way. We understand the argument to be that this clause, by construction, should be applied to the defendant in this case for neglecting to post two copies of the act in his cafe. This would be an appealing argument except for the fact that the clause or sentence in plain terms limits its application to the allowance of tips to be given. In other words, this clause provides a penalty for any manager, officer, or agent of a hotel, cafe, etc., who allows a tip to be given. All of this section 4 has reference to the giving, allowing, and receiving of tips, except the last clause which may be construed in two ways: First, it may be said that the hotel, restaurant, and cafe are liable to indictment for failure to post two copies of the act, whether the hotel, restaurant, or cafe is being run by a company or not. Second it may be said that it was the intention of the legislature to penalize ''companies'' engaged in running the business of a hotel, restaurant, cafe, dining car, railroad, or sleeping cars. Construed in either way, the statute does not reach the defendant in this case. There is nothing in the entire act imposing any duty to post the act upon a manager, agent, or officer in charge; but the act does penalize the manager, officer, or agent in charge for allowing tips. It may

be conceded that the owner of the business is included in the terms manager, officer, or agent.

We may be unable to say with any degree of certainty why the penalty is imposed in one case and not in the other; but we have hazarded a guess that the main purpose of the statute is to destroy the tipping habit, while the posting of the act is a mere incident to the main purpose. However this may be, we do not find anything in the act to uphold the indictment in the present case, and the judgment of the circuit court sustaining the demurrer to the indictment is therefore affirmed.

*Affirmed.*